The People of the State of New York, Appellant, 
against
Kenrick Daye, Defendant-Respondent.




The People, as limited by their briefs, appeal from so much of an order of the Criminal Court of the City of New York, Bronx County (Jeffrey Rosenblueth, J.), dated June 20, 2018, which granted defendant's motion to suppress the dog recovered from his backyard.




Per Curiam.
Order (Jeffrey Rosenblueth, J.), dated June 20, 2018, insofar as appealed from, affirmed.
While cognizant of the paramount necessity of protecting children, the purpose of the Family Court Act § 1034 order, we sustain the grant of defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, which are supported by the record (see People v Prochilo, 41 NY2d 759, 761 [1977]). After arriving at defendant's home at the request of an Administration for Children's Services [ACS] case worker and knocking on the door for approximately five minutes while announcing their presence, police received no response and heard no noise coming from inside the house. The Family Court order then in effect directed that the parent or other responsible person "must permit ACS to enter the home" to determine whether abused or neglected children are present (see Family Ct Act § 1034[2][b][ii]), and that "NYPD is to assist with entering the home if needed." As the suppression court properly found, the narrow and circumspect authorization given to police by the order (see Family Ct Act § 1034[2][c]), specifically, to assist ACS with entry if needed, did not permit police to then "unilaterally" walk down a 70-100 foot alleyway adjacent to the defendant's house and enter his enclosed backyard, entry that required the officer to "blade his shoulder" to avoid a fence. While based upon "probable cause" (see Family Ct Act § 1034[2][b][i]), the limited authorization of the Family Court order does not permit the broad inference that police were given unfettered access to defendant's property and permission to enter the curtilage, which is under the home's umbrella for Fourth Amendment purposes (see United States v Dunn, 480 US 294, 300—301 [1987]). Nor was there any emergency or exigent circumstances, a narrow exception to the warrant requirement, to justify the police action at issue (see Brigham City v Stuart, 547 US 398, 403 [2006]; People v Cruz, 149 AD2d 151, 159-160 [1989]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT
I concur I concur 
Decision Date: January 06, 2020